UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamie Oliver,<br><br>　　　　　Plaintiff,<br>v.<br><br>Creditors Financial Group, LLC, Rashon Johnson, and Julie Doe,<br><br>　　　　　Defendants. | Civil No. _____<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Jamie Oliver is a natural person who resides in the City of Farmington, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

-1-

5. Defendant Creditors Financial Group, LLC (hereinafter "Defendant CFG") is a collection agency operating from an address of 3131 S Vaughn Way, #110, Aurora, CO 80014 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Rashon Johnson (hereinafter "Defendant Johnson") is a natural person who was employed at all times relevant herein by Defendant CFG as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Julie Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant CFG as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. In or before 2011, upon information and relief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), which was used by Plaintiff for personal, family and household purchases.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

*June 18, 2011 Collection Message*

10. On or about June 18, 2011, Defendant CFG's collector, Defendant Johnson, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant Johnson left a collection message on Plaintiff's cellular phone voicemail service.

12. Plaintiff heard the message when retrieving his voicemails later that day.

13. Plaintiff did not know the caller or what the call was in regards to.

14. During the message, Defendant Johnson failed to provide a meaningful disclosure of his identity.

15. Defendant Johnson asked that Plaintiff a return call to 877-298-2251 at extension 3326.

16. Defendant Johnson stated that Plaintiff should use reference number 7828530 when calling back.

17. Thereafter the message ended.

18. During this call, Defendant CFG's collector, Defendant Johnson, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that they were attempting to collect a debt.

19. This call and message from Defendant CFG's collector, Defendant Johnson, to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *June 25, 2011 Collection Message*

20. On or about June 25, 2011, Defendant CFG's collector, Defendant Johnson, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Defendant Johnson left a collection message on Plaintiff's cellular phone voicemail service.

22. Plaintiff heard the message when retrieving his voicemails later that day.

23. Plaintiff did not know the caller or what the call was in regards to.

24. During the message, Defendant Johnson failed to provide a meaningful disclosure of his identity.

25. Defendant Johnson asked that Plaintiff a return call to 877-298-2251 at extension 3326.

26. Defendant Johnson stated that Plaintiff should use reference number 7828530 when calling back.

27. Thereafter the message ended.

28. During this call, Defendant CFG's collector, Defendant Johnson, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that they were attempting to collect a debt.

29. This call and message from Defendant CFG's collector, Defendant Johnson, to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *July 6, 2011 Collection Message on Plaintiff's Wife's Phone*

30. On or about July 6, 2011, Defendant CFG's collector, Defendant Doe, contacted Plaintiff's wife by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

31. Defendant Doe left a collection message on Plaintiff's wife's cellular phone voicemail service.

32. During the message, Defendant Doe failed to provide a meaningful disclosure of his identity.

33. Defendant Doe asked that Plaintiff a return call to 877-298-2251 at extension 3330.

34. Thereafter the message ended.

35. During this call, Defendant CFG's collector, Defendant Doe, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that they were attempting to collect a debt.

36. This call and message from Defendant CFG's collector, Defendant Doe, to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *July 6, 2011 Collection Message*

37. On or about July 6, 2011, Defendant CFG's collector, Defendant Doe, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38. Defendant Doe left a collection message on his cellular phone voicemail service.

39. During the message, Defendant Doe failed to provide a meaningful disclosure of his identity.

40. Defendant Doe asked that Plaintiff a return call to 877-298-2251 at extension 3330.

41. Thereafter the message ended.

42. During this call, Defendant CFG's collector, Defendant Doe, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that they were attempting to collect a debt.

43. This call and message from Defendant CFG's collector, Defendant Doe, to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *Summary*

44. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant CFG, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

45. During their collection communications, Defendants and these individual debt collectors employed by Defendant CFG repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *Respondeat Superior Liability*

46. The acts and omissions of these individual Defendants, a debt collector employed as an agent by Defendant CFG, who communicated with Plaintiff and his mother as more further described herein, were committed within the time and space limits of his agency relationship with his principal, Defendant CFG.

47. The acts and omissions by these individual Defendants, a debt collector employed by CFG, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CFG in collecting consumer debts.

48. By committing these acts and omissions against Plaintiff, these individual Defendants was motivated to benefit his principal, Defendant CFG.

49. Defendant CFG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

53. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated: July 12, 2011                    Respectfully submitted,

                                        **BARRY, SLADE & WHEATON, LLC**

                                        By:  **s/Christopher S. Wheaton**
                                        Christopher S. Wheaton, Esq.
                                        Attorney I.D.#0389272
                                        2701 University Avenue SE, Suite 209
                                        Minneapolis, Minnesota 55414
                                        Telephone:  (612) 379-8800
                                        Facsimile: (612) 379-8810
                                        cwheaton@lawpoint.com

csw                                     **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Plaintiff JAMIE OLIVER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
JAMIE OLIVER

Subscribed and sworn to before me
this 12th day of July 2011.

_____
Notary Public

CHRISTOPHER SEAN WHEATON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012